**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Caldwell,<br><br>            Plaintiff,<br><br>     vs.<br><br>J & J Rocket Company dba JP Consultants,<br><br>            Defendant. | No. CV-13-08043-PCT-PGR<br><br>ORDER |

Pending before the Court is Plaintiff's Motion for Award of Attorneys' Fees (Doc. 54). Having considered the motion in light of the defendant's opposition thereto and the relevant record, the Court finds that the motion should be granted and that the plaintiff should be awarded $64,372 for her reasonable attorneys' fees incurred in this action.

This diversity of citizenship-based action arises from the defendant's early termination of the plaintiff's contract with it to provide training, teaching and coaching to the defendant's clients on various leadership topics, and from the defendant's efforts to enforce a three-year non-compete covenant against the plaintiff. The Court granted the plaintiff's Motion for Partial Judgment on the Pleadings on Count One (Declaratory Judgment) of the First Amended Complaint on July 2, 2013 on the

ground that the non-compete provision was unenforceable under Arizona law, and the Court granted the plaintiff's Motion for Summary Judgment on Count Two (Breach of Contract) of the First Amended Complaint on September 30, 2014 on the ground that the defendant's early termination of the parties' contract was improper because the plaintiff had not materially breached the contract prior to its termination. The Court entered judgment in the plaintiff's favor on both claims of the First Amended Complaint on November 3, 2014.

The plaintiff, as the successful party in this action, seeks to have her attorneys' fees in the total amount of $64,372 awarded to her pursuant to A.R.S. § 12-341.01(A), which provides for a discretionary award of attorney's fees to the prevailing party in an action arising out of contract.

In deciding whether to award fees under § 12-341.01(A), the Court considers six factors. Associated Indemnity Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz. App. 1985). The plaintiff sufficiently argues, and the Court agrees, that each of these factors favor the entry of an award to her under the circumstances of this case and the defendant does not argue otherwise.[1] The Court concludes that an award of fees is appropriate under the Warner factors.

Since the plaintiff has established her entitlement to fees and has sufficiently met the minimum requirements for an award in its motion and accompanying

---

[1] While the defendant cursorily argues that the plaintiff's contention that the assessment of attorneys' fees against the defendant would not cause it extreme financial hardship (the third Warner factor) is based only on the plaintiff's unsupported speculation as to the defendant's annual revenue, the Court is unpersuaded because it is the defendant's burden to come forward with prima facie evidence of financial hardship through sworn testimony, *see* Woerth v. City of Flagstaff, 808 P.2d 297, 305 (Ariz.App.1990); Travelers Indemnity Co. v. Crown Corr, Inc., 2012 WL 2798653, at *4 (D.Ariz. July 9, 2012), and the defendant has not made any attempt to provide such evidence.

exhibits, the defendant has the burden of demonstrating the impropriety or unreasonableness of the requested fees. Nolan v. Starlight Pine Homeowners Ass'n, 167 P.3d 1277, 1286 (Ariz.App.2007). The plaintiff has not objected to the hourly rates sought by the plaintiff for its two attorneys, which are $270 per hour for 2013 and $280 per hour for 2014 for lead counsel David Kresin and $210 per hour for associate counsel Samuel Randall, and the Court determines that those rates are reasonable for the Phoenix market.

The defendant does object to the adequacy of the plaintiff's counsels' time sheet entries and to the amount of time that counsel spent on certain tasks. First, the defendant objects to numerous of counsels' time sheet entries as violating LRCiv 54.2(e)(2)(C), which provides that the time entries for preparing pleadings and other papers "must identify the pleading, paper or other document prepared and the activities associated with its preparation." The gist of the defendant's objection is that these time entries, which it describes as "work on" entries, fail to adequately describe the services provided. These objected-to entries include such descriptions as "Work on motion for summary judgment," "Work on reply in support in support of motion for partial judgment on the pleadings," "Work on declaration of Ms. Caldwell for use with motion for summary judgment," and "Work on statement of facts (1.4); Finalize and file motion for summary judgment, supporting statement of facts, and supporting evidence (5.8)." The Court concludes that the specific time entries noted by the defendant are sufficiently specific to permit the Court and the defendant to understand the tasks that counsel were undertaking.

Second, the defendant argues that the hours incurred by the plaintiff's counsel are not objectively reasonable. In particular, the defendant challenges the 82.9 hours that counsel spent working on the plaintiff's successful summary judgment

motion and her reply (which dealt with Count Two), the 23.4 hours that counsel spent working on the plaintiff's successful motion for judgment on the pleadings (which dealt with Count One), and the 19.6 hours that counsel spent preparing for and taking the depositions of the plaintiff and of the defendant's principal, who were the two main witnesses in this action.

Arizona law recognizes that the amount of hours claimed by the successful party may be unreasonable and that "[i]f a particular task takes an attorney an inordinate amount of time, the losing party ought not to be required to pay for that time." Schweiger v. China Doll Restaurant, Inc., 673 P.2d 927, 932 (Ariz.App.1983). The Court, having considered the legal and factual issues addressed in the plaintiff's dispositive motions and her replies to those motions and the importance of the depositions of the two principal witnesses to the resolution of the issues raised in the First Amended Complaint, and having reviewed the time entries associated with those matters, concludes the time spent by the plaintiff's counsel was not excessive under the circumstances of this action.  Therefore,

IT IS ORDERED that Plaintiff's Motion for Award of Attorneys' Fees (Doc. 54) is granted and that plaintiff Deborah Caldwell is awarded the sum of $ 64,372.00 as her reasonable attorneys' fees.

DATED this 20th day of April, 2015.

Paul G. Rosenblatt
United States District Judge